## RUTH *v.* LONG.

[OCTOBER TERM, 1867.]

WHERE NO BILL OF EXCEPTIONS HAS BEEN FILED, the judgment of the court below will be affirmed, unless the record affirmatively discloses error.

APPEAL from the third district court. The opinion states the facts.

*John V. Long,* for the appellant.

*Z. Snow,* for the respondent.

DRAKE, J.:

This case comes before this court upon an appeal taken by the defendant from the decision of the district court for the 3d judicial district.

Upon looking into the record of the cases, we find it was originally commenced in the probate court of Great Salt Lake county. In the probate court there was an issue of fact joined between the parties, and a trial by jury, and a verdict rendered in favor of the plaintiff for five hundred and sixty-three dollars and thirty cents. A motion was made by the defendant for a new trial; that being denied, he appealed to the district court, and the case was submitted to the district court upon the record and proceedings of the probate court. The judgment of the probate court was affirmed by the district court, and the defendant appealed to this court. The appeal being perfected, the record is in this court unattended by any bill of exceptions. And there is no assignment of errors—it is simply an appeal. In this court there can be no trial of issues of fact; if such issues are formed between the parties, they must be tried in some other court.

If there are any errors in law arising in the course of a trial in the courts where issues of fact are tried, they must appear upon the records or in the proceedings—by bill of exceptions properly taken, and certified and attached to the record—to enable this court to determine whether the judgment of the district court ought to be affirmed or reversed.

The plaintiff's complaint filed in the probate court contains a sufficient cause of action, and if supported by proper proofs upon the trial, would entitle the plaintiff to recover. Likewise the answer of the defendant contains such denials and averments that, if supported by proper evidence on the trial, would overthrow entirely the demand of the plaintiff.

Throughout the proceedings in the courts below, as well in the probate court as in the district court, there appears to have been no special or particular exceptions taken to the ruling of the court.

In the probate court a motion was made by the defendant for a new trial. The reasons urged in support of that may have been sufficient not only to justify, but to require the granting of a new trial.

The question of a new trial is one which does not usually come before a court of review; the reasons for a new trial can be presented with far greater force to the court where the trial has been had than elsewhere; and indeed, some of the reasons entitled to great consideration can never be adequately conveyed to another tribunal. And the general conclusion is, that if the reasons for a new trial are insufficient to obtain it before the court where the trial was had, they must be inadequate before another tribunal, the judge of which had not the benefit of hearing the trial, and of seeing the circumstances which surrounded it.

The district courts in this territory, although they have supervisory power over inferior courts, are not to be considered courts of review; they are courts for the trial of facts, as well as the determination of questions of law.

Motions for new trials made in inferior courts, if denied, may be supervised in the district court; but to enable the district court to supervise the decisions of an inferior court upon a motion for a new trial, it should be so set forth, with the reasons in support thereof, that it might be seen that the inferior court had improperly refused a new trial.

If a jury, for instance, had rendered a verdict for the plaintiff, without any evidence in support of the plaintiff's demand, or if a verdict should be rendered contrary to law and evidence given in court, or contrary to the charge of the court, or should award excessive or inadequate damages—in these and in many other other cases a new trial should be granted if asked for; and if the inferior court should deny the motion, the case being brought to the district court by appeal, its powers of supervision are such that it can and it ought to look into the procedings of the inferior court and see that justice should be done; and to that end the district court can and ought to give a new trial to the parties, either in the district court or by sending the case back to the inferior court with instructions, or in such other way as the law may provide.

When it appears that the parties have had a fair opportunity to prepare for trial, and that issues of fact have been fairly tried by a jury and a reasonable conclusion arrived at, there can be no good reason for granting a new trial in the same or any other tribunal to try again the same issues. It

would be contrary to the genius and spirit of jury trials, and that institution for which so much has been said, and which is so inseparably interwoven and connected with American jurisprudence, would become a mockery if no respect were to be paid to the deliberate and well-considered verdict of a jury.

Appeals from one court to another, are allowed and allowable only for the purpose of furthering justice, not for the hinderance and delay of a party in obtaining his just rights. It is, therefore, not unreasonable that the party appealing from one court to another should be able to show by the record and proceedings, and by his bill of exceptions, which becomes a part of the record, that some error or some supposed error in law has been committed, or that some injustice has been done to him in the court below before he shall be permitted to delay his antagonist with the costs and proceedings of a new trial.

The statute authorizing appeals is so framed that different constructions may arise. In the third judicial district, which is the only one where there has been sufficient business to call for a consideration of the subject, a construction has been put upon the statute in regard to appeals by the chief justice during the four past years, which from that fact, if no other, is entitled to consideration. If the general construction given to that statute is not in accordance with the best and true interests of parties litigant, perhaps the best mode of remedying the evil would be to apply to the legislature and have a more specific, certain, and extended law provided

When statutes have had a construction put upon them, and the people have become acquainted with the decision of courts as to the practice to be adopted in proceedings under the statute, any change or alterations in the construction of the statute or in the rulings of the courts are attended with costs and difficulties. Of all practice an unsettled one is the most disastrous to the attorney and his clients.

On this occasion I have thought it proper to express my own views. I am unwilling to overturn entirely a practice already adopted, where it can be essentially complied with without adding any material labor to counsel or costs to the client.

The speedy administration of equal justice and economy in proceeding ought always to be a consideration in practice. After a careful examination of the record and proceedings in this case from the commencement, I am unable to discover any errors, or that any injustice has been done the defendant.

Therefore the judgment of the district court must be affirmed, and the clerk of that court ordered to proceed accordingly.

Titus, C. J., and McCurdy, J., concurred.